1UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 13 CV 1157 MJD/AJB

| | |
|---|---|
| Katelynn Hubbell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S MEMORANDUM OF** |
| ) | **LAW IN SUPPORT OF MOTION FOR** |
| American Accounts & Advisors, Inc., ) | **JUDGMENT ON THE PLEADINGS** |
| ) | **UNDER FED. R. CIV. P. 12(c)** |
| Defendant. ) | |
| ) | |

_____

## INTRODUCTION

Katelynn Hubbell (Plaintiff) filed a Complaint on May 5, 2013, alleging that a collection letter dated February 14, 2013 (letter) from Defendant American Accounts & Advisers, Inc.[1] (AAA) violated the Fair Debt Collection Practices Act (FDCPA). Plaintiff's complaint at paragraph 10 recites the specific language from the letter alleged to be the violation: "WE REGRET THAT THE ACTION NOW BEING TAKEN BECAME NECESSARY. WE HAD HOPED THAT WE MIGHT WORK THIS OUT ON A VOLUNTARY BASIS. APPARENTLY, THIS IS NOT POSSIBLE. "

The wording of the letter is not in dispute. What is in dispute is Plaintiff's reading of the letter in a manner designed to generate a claim under the FDCPA. Plaintiff alleges the language referenced in the letter is false, deceptive and caused Plaintiff to believe that

_____

[1]Plaintiff's complaint incorrectly spells Defendant's name. The correct spelling is American Accounts & Advisers, Inc.

1

additional action was being taken against her. Plaintiff alleges the complained of language violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f.

AAA's letter cannot reasonably be interpreted as false, deceptive or misleading. AAA moves to dismiss Plaintiff's Complaint as a matter of law pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

**I.      Description of the Parties**.

Plaintiff is an individual who incurred a debt. (Compl. ¶¶ 4, 6). AAA is a licensed collection agency that was retained to collect Plaintiff's delinquent account. (Compl. ¶¶ 5,6).

**II.     Collection of Plaintiff's Debt.**

AAA sent Plaintiff a letter on January 10, 2013 that stated that Plaintiff's matter had been referred to AAA for "<u>PAYMENT IN FULL</u>." (Compl. ¶¶ 7,8). AAA sent Plaintiff a letter on February 14, 2013 that stated: "WE REGRET THAT THE<u> ACTION NOW BEING TAKEN </u>BECAME NECESSARY. WE HAD HOPED THAT WE MIGHT WORK THIS OUT ON A VOLUNTARY BASIS. APPARENTLY, THIS IS NOT POSSIBLE." (Compl. ¶¶ 9, 10).

Plaintiff alleges that the letter from AAA dated February 14, 2013 (letter) "...misleads consumers, the language used is false, deceptive and causes consumers to believe that additional action is being taken against them, when in fact it is not." (Compl.

¶ 11).

## ARGUMENT

I.   **RULE 12 STANDARD**

A motion for judgment on the pleadings should be granted only when the pleadings pose no material issues of fact and the moving party is entitled to judgment as a matter of law. Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009); Syverson v. FirePond, Inc., 383 F.3d 745, 749 (8th Cir. 2004). The Court must accept as true all well-pleaded facts by the non-moving party, and all reasonable inferences must be construed in the non-movant's favor. See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 1949-50. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."

Id. See also Hanten v. Sch. Dist. Of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) and Helleloid v. I.S.D. No. 361, 149 F. Supp. 2d 863, 867 (D. Minn. 2001) (stating that the court need not accept wholly conclusory allegations or unwarranted inferences).

The wording of the letter is not in dispute. In such a situation, the Court is confronted with a question of law that may resolved on a Rule 12(c) motion. See Peters v. General Service Bureau, 277 F.3d 1051, 1056 (8th Cir. 2002).

## II. THE LETTER IS NOT MISLEADING AND DOES NOT THREATEN ACTION NOT INTENDED TO BE TAKEN

### A. AAA's Letter Is Not Misleading as a Matter of Law.

AAA's letter did not violate § 1692e of the FDCPA because the statements therein were not false, deceptive, or misleading. The FDCPA is "designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002). The Act forbids collection practices that are false, deceptive or misleading. See 15 U.S.C. 1692e.

Eighth Circuit law requires that the court read the letter through the eyes of an unsophisticated debtor. Duffy v. Landberg, 215 F.3d 871, 875 (8th Cir. 2000). Pursuant to the FDCPA, a communication by a collector to a debtor is reviewed for its potential to confuse or mislead the debtor. Duffy, 215 F. 3d at 873. It does not require "peculiar," "bizarre or idiosyncratic interpretations." Id.; Peters, 277 F.3d at 1055.

As various courts applying the FDCPA standards of interpretation have noted,

"even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with care" and in its entirety. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1319 (2nd Cir. 1993). This common sense analysis serves to "protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." <u>Id</u>. at 1320; <u>See also</u> <u>Peters</u>, 277 F.3d at 1054-55 (noting that standard protects debt collectors from peculiar interpretation of collection letters).

Here, Plaintiff incorrectly asserts that the letter misleads, is false or deceptive because it caused her to believe that "additional action is being taken against them". (Compl. ¶ 11). 15 U.S.C. 1692e(5) states that "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates the FDCPA. AAA's letter simply does not threaten any action and therefore does not mislead, is not false, nor deceptive.

The letter states that "WE REGRET THAT THE <u>ACTION NOW BEING TAKEN</u> BECAME NECESSARY". The letter makes no threat of legal action. The letter makes no threat of an action that cannot legally be taken or that is not intended to be taken. Plaintiff's interpretation of the letter, that it caused her to believe that some additional action was being taken against her, results in the precisely the type of bizarre, idiosyncratic and peculiar interpretation of collection letters that is to be avoided under <u>Peters</u>, <u>Duffy</u>, and <u>Clomon</u> cited above.

Based on well-established case law regarding the interpretation of debt collection communications cited above as applied to the facts in this case, AAA is entitled to a judgment on the pleadings on Plaintiff's claim that AAA's letter is false, deceptive or misleading. It simply is not.

B.    MATERIALITY

Under § 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attemot to collect any debt."  To be actionable under this provision, however, a representation must be both false and material.  Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D.Minn. May 14, 2009); see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (noting that "courts have generally held that [FDCPA] violations grounded in 'false representations' must rest on material representations").  Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) .

Even if the statement in the letter was false, Plaintiff has not pleaded or otherwise articulated how the statement undermined her ability to intelligently choose her action regarding the debt.  As a result, the statement was not material, and judgment on the pleadings is warranted as to the § 1692e claim.

C.    THE LETTER DOES NOT THREATEN IMMINENT LEGAL ACTION

As noted in Adams v. JC Christensen & Assoc. Inc., 777 F.Supp. 2d 1193, 1197

(D.Minn. 2011) there is no controlling authority from the Eighth Circuit, but several courts have held that letters that do not "explicitly threaten[] that legal action will be taken" do not violate the FDCPA. Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 221 (N.D.N.Y. 2010); Jenkins v. Union Corp., 999 F.Supp. 1120, 1136 (N.D. Ill. 1998)("For a collection letter to threaten legal action..., it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made.")

The language of AAA's letter does not explicitly threaten litigation. AAA's letter does not mention litigation or a lawsuit– it does not threaten "legal action" at all. Any reasonable reading of AAA's letter cannot reach a conclusion that litigation has been threatened. To find a violation of § 1692e(5) this court would have to hold that communicating to Plaintiff that "We regret that the action now being taken became necessary" is an explicit threat of litigation that constitutes an empty threat of litigation. This would be an absurd result because even actual collection attempts by attorneys do not violate § 1692e(5). See Abels v. JBC Legal Group, P.C., 428 F.Supp.2d 1023, 1028 (N.D. Ca. 2006) (holding that absent an actual threat of litigation in the content of the collection attempt, the mere fact that the letters are coming from an attorney is insufficient to be a threat of litigation even to the least sophisticated consumer); see also Veillard v. Mednick, 24 F.Supp.2d 863, 867 (N.D. Ill. 1998) (finding no violation of the FDCPA when there was "nothing in the letter that refers to legal action and the mere

7

inference that legal action could be taken because the letter is on law firm letterhead is not enough for § 1692e(5) purposes.").

Even the least sophisticated debtor would recognize that debt collectors perform a multitude of actions in the collection of debt, such as sending letters, telephoning debtors, reporting debts to a bureau, referring a matter to a lawyer for review. The word action is not a threat of imminent litigation. Here, there was no explicit threat of litigation.

It makes no difference that Plaintiff subjectively believed the letter threatened legal action because FDCPA violations are analyzed objectively. See Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1062 (7th Cir. 2000). Under the FDCPA, confusion is not in the eyes of the beholder. Unterreiner v. Stoneleigh Recovery Assocs., LLC, No. 09 C 7042, 2010 WL 2523257, at *2 n. 1 (N.D. Ill June 17, 2010). A Plaintiff may press an FDCPA claim even where he did not feel threatened by the debt collector. Picht v. Hawks, 77 F. Supp 1041, 1043 (D.Minn. 1999) (Noel, M.J.) aff'd 236 F.3d 446 (8th Cir. 2001). The converse is also true: a Plaintiff who feels threatened by a debt collection letter does not automatically state a claim. In the end, what matters is the debt collector's conduct--when viewed objectively, that conduct must violate the statute. That is simply not the case here.

### III.   § 1692f

Plaintiff's Complaint alleges in ¶ 11 that AAA's letter violates § 1692f. § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or

atempt to collect any debt." This section, however, only applies to conduct not elsewhere covered by the FDCPA. See Baker v. Allstate Fin.Servs., Inc., 554 F. Supp 2d 945, 953 (D. Minn. 2008) ("Cognizant that it could not anticipate every sharp practice by debt collectors, Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." (citations omitted)).

Plaintiff's § 1692f claim is premised on the same conduct underlying her other FDCPA claims, and this alone warrants judgment on the pleadings as to the § 1692f claim. Even if the same allegations could support a claim under § 1692f, Plaintiff's § 1692 claim fails on the merits. Section 1692f lists several examples of proscribed unfair and unconscionable practices. See 15 U.S.C. § 1692f (1)-(8) (providing nonexhaustive list of conduct including collecting more than expressly authorized, accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action and communicating by postcard). The allegations in the present matter are far less severe than the enumerated examples. As a result this Court should find that as a matter of law that these allegations do not rise to the level of "unfair" or "unconscionable." Therefore, for this additional reason, judgment on the pleadings is warranted as to the § 1692f claim.

IV.     **Jurisdiction**

AAA raises an alternative motion to dismiss on the grounds that no controversy remains for the Court to resolve. Following personal service of the summons and

complaint, AAA served Plaintiff with a Rule 68 Offer of Judgment, dated June 14, 2013, in the amount of $1,001 together with costs, disbursements and reasonable attorneys' fees. (See ex. 1, attached to Declaration of Richard J. Malacko). In an email dated June 20, 2013, Plaintiff's counsel rejected the offer of judgment and made a settlement demand. (See ex. 2, attached to Declaration of Richard J. Malacko).

Because AAA's Rule 68 offer provided Plaintiff with all the relief she could possibly receive if she were to prevail on the merits, no controversy remains for the Court to resolve. Absent an actual case or controversy, the court lacks subject matter jurisdiction. See U.S. Const. Art. III § 2; see also United States Parole Commission v. Geraghty, 445 U.S. 388, 395, 100 S.Ct. 1202 (1980).

The Eighth Circuit Court of Appeals has not decided whether a Rule 68 offer that includes all the relief sought moots an action. Zortman v. JC Christensen & Ass. Inc., 870 F.Supp 2d 694, 697 (D. Minn. 2012). Other courts have determined that a Rule 68 offer that would provide all the relief a plaintiff requests has the effect of mooting the action even if the offer is not accepted. Id; see Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370-71 (4th Cir. 2012) ; O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 575-76 (6th Cir. 2009); Thomas v. Law Firm of Simpson & Cybak, 244 Fed. Appx. 741, 743-44 (7th Cir. 2007); Goodman v. People's Bank, 209 Fed. Appx. 111, 115 (3d Cir. 2006).

The burden of proving subject matter jurisdiction falls on the plaintiff. V S Ltd. P'ship v. Dep't Hous. Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Plaintiff must

satisfy that burden by the preponderance of the evidence.  <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2nd Cir. 2000).  Where subject matter jurisdiction is lacking, the court must dismiss.  <u>See</u> Fed.R.Civ.P 12(h)(3).

## CONCLUSION

For the reasons set forth above, defendant American Accounts & Advisers, Inc., respectfully requests that the Court grant its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and to order that a judgment of dismissal with prejudice in its favor be entered accordingly.  In the event the Court denies American Accounts & Advisers, Inc.'s motion for judgment on the pleadings, it is respectfully requested that the Court find Plaintiff's FDCPA claim is mooted by the Rule 68 Offer of Judgment, which offered Plaintiff maximum recovery, thereby leaving no actual case or controversy.

MALACKO LAW OFFICE

Dated: June 27, 2013

*s/ Richard J. Malacko*
Richard J. Malacko 184421
Attorney for Defendant
332 Minnesota Street
Suite W1610
St. Paul, MN 55101
651 223-5175 (telephone)
651 223-5179 (facsimile)
rick@malackolaw.com