UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 13 CV 1157 MJD/AJB

| | |
|---|---|
| Katelynn Hubbell, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S REPLY** |
| | ) **MEMORANDUM IN SUPPORT** |
| | ) **OF MOTION TO DISMISS** |
| American Accounts & Advisors, Inc., | ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

_____

## INTRODUCTION

Defendant submits this Reply Memorandum in support of its motion to dismiss Plaintiff's Complaint. Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore must be dismissed.

## Rule 12 (b)(6) /Rule 12 (c)

Plaintiff is correct in pointing out that at this point of the proceedings, since we are not at a stage where the pleadings have closed, Defendant's motion to dismiss on the pleadings may not be pursuant to Rule 12 (c), but rather must be pursuant to Rule 12(b)(6). The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12 (b) (6). Ashley Cnty., Ark. V. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). "As the Eighth Circuit held in Westcott, because motions to dismiss for failure to state a claim are subject to the same legal standard whether brought under Rule

12(b)(6) or Rule 12(c), the distinction is "purely formal..." Ali v. Frazier, 575 F.Supp.1084, 1089 (D. Minn. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Plaintiff concedes that the point is not important, as the legal standard is the same. Defendant requests that the Court treat the motion as a Rule 12(b)(6) motion asserting the same argument.

## ARGUMENT

**I.  Plaintiff Failed to State a Claim under § 1692e.**

The Court can decide whether a plaintiff has pleaded a sufficient claim under § 1692e on a motion to dismiss. Backlund v. Messerli & Kraemer, P.A., No. 12-CV-808, 2012 WL 3582963, at *4 (D. Minn. Aug. 17, 2012) (Tunheim, J.).

Plaintiff complains that Defendant's communication (Compl. Exhibit 2) is false, deceptive and causes consumers to believe that additional action is being taken against them, when in fact it is not. (See Compl. ¶ 11). Plaintiff's memorandum at pages 6 and 7 elaborates on the claim by arguing "Defendant's vague threat of 'action now being taken' against Plaintiff-with no corresponding action taken or intended-violated specific provisions of the FDCPA..."

The wording of Defendant's February 14, 2013 letter to Plaintiff is not in dispute. The FDCPA forbids collection practices that are false, deceptive or misleading. See 15 U.S.C. §1692e. Defendant's letter of February 14, 2013 does not threaten any action and does not mislead, is not false, nor deceptive. Plaintiff strains to interpret the Defendant's

letter in such a way as to allege a violation of §1692(e).  Plaintiff reads Compl. Exhibit 2 to say that:

    1. A threat that collection efforts are now being ramped up;

    2.  A warning that there is some price to pay for Plaintiff's failure to pay;

    3.  A threat of bad things to come in the after-you-failed-to-pay-us. (See Plaintiff's memorandum at page 9).

Defendant's communication does not say these things.  Plaintiff's bizarre and peculiar interpretation is not permitted in order to create a claim under the FDCPA.  See Peters v General Service Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002) (noting that standard protects debt collectors from peculiar interpretation of collection letters).

    The debt was listed as $334.15 in the communication from Defendant dated January 10, 2013 (Compl. Exhibit 1) and the debt was listed as $334.15 in the communication from Defendant dated February 14, 2013 (Compl. Exhibit 2). Defendant's communication that is at issue did not "ramp things up", result in a "price to pay", or threaten "bad things to come".

    Without citation to any cases finding a §1692e violation under similar facts, Plaintiff argues the communication was false, deceptive and unlawful, and is a § 1692 violation. Judgment on the pleadings is warranted as a matter of law.

**II.**    **Materiality**.

    A statement cannot mislead unless it is material, so a false but non-material

statement is not actionable." Hahn, 557 F.3d at 758; see also Mark v. J.C. Christensen & Assoc., Inc., No. 09-CV-100, slip op., at *4 (D. Minn. Aug. 4, 2009) (Montgomery, J.). A material statement is one that helps a consumer choose intelligently. Hahn v. Triumph P'ships LLC , 557 F.3d 755, 757-58 (7th Cir. 2009).

Plaintiff fails to address how the alleged false statement was material in the instant case. Plaintiff argues on page 10 of her memorandum that "the materiality of Defendant's false and deceptive statement appears on the face of Plaintiff's complaint" and "Defendant's materiality challenge has no merit and provides not (sic) basis for dismissal of Plaintiff's complaint". Still, Plaintiff has not pleaded or otherwise articulated how the statement undermined her ability to intelligently choose her action regarding the debt, which remained constant at $334.15.

The complained of language in Defendant's February 14, 2013 communication was not misleading or false, is immaterial, and judgment on the pleadings is warranted.

### III.   Plaintiff Failed to State a Claim Under §1692f.

Plaintiff's memorandum completely neglects to address Plaintiff's failure to state a claim under §1692f. Courts have identified the limits of §1692f to proscribe certain activities, which must be independently pleaded. Baker v. Allstate Fin. Servs., 554 F. Supp 2d 945, 953-94 (D. Minn. 2008) (Ericksen, J.); Duffy v. Landberg, 215 F.3d 871, 875 (2000); Campion v. Credit Bureau Servs., Inc., No. CS-99-0199-EFS, 2000 U.S. Dist. LEXIS 20233, at *40 (E.D. Wash. Sept. 19, 2000); Kimber v. Fed. Fin. Corp., 668 F.

4

Supp. 1480, 1487 (M.D. Ala. 1987). None of the pleaded allegations are independently pleaded or contemplated by the reach of §1692f.

Because Plaintiff's claims for violations of §1692f are based on the same conduct that Plaintiff alleges violated §1692e, they are deficient as a matter of law.

Plaintiff again failed to cite any cases finding a §1692f violation under similar alleged facts and does not suggest any subsection to which the alleged facts relate.

### IV.  JURISDICTION

Plaintiff rejected the Rule 68 Offer of Judgment in the amount of $1,001 together with costs, disbursements and reasonable attorney fees. Defendant believed the settlement proposal was the most cost effective way to proceed to resolve the disputed claim.

Plaintiff claims she suffered actual damages from receiving the Defendant's communication dated February 14, 2013, that she is entitled to be satisfied for her actual damages, and that $1,001 would be inadequate to satisfy statutory and actual damages. Since Plaintiff and Plaintiff's counsel persist in claiming that this is a case involving actual damages, it would appear that a determination that this matter should be mooted, because all relief sought had been offered, is not proper at this stage.

### **CONCLUSION**

Defendant has shown that Plaintiff's Complaint fails to state a claim upon which relief may be granted because it insufficiently pled facts supporting violations of §§

1692e and 1692f.  Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: August 1, 2013                               *s/ Richard J. Malacko*_____
                                                    Richard J. Malacko 184421
                                                    Attorney for Defendant
                                                    332 Minnesota Street
                                                    Suite W1610
                                                    St. Paul, MN 55101
                                                    Telephone: 651 223-5175
                                                    Fax: 651 223-5179
                                                    rick@malackolaw.com