UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Katelynn Hubbell,                                                                  Civil No. 13-1157 MJD/AJB

          Plaintiff

v.                                                                                            **REPORT AND RECOMMENDATION
                                                                                              ON MOTION FOR JUDGMENT
                                                                                              ON THE PLEADINGS**

American Accounts & Advisors, Inc.

          Defendant


      Thomas J. Lyons, Jr., Esq., for Plaintiff Katelynn Hubbell; and

      Richard J. Malacko, Esq., for Defendant American Account & Advisors, Inc.


      This action is before the court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion for Judgment on the Pleadings [Docket No. 4] by Defendant American Account & Advisors, Inc. ("AAA"). A hearing on the motion was held on September 4, 2013, at the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. This case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636(b)(1)(B). It is the court's determination herein that Defendant's motion should be granted in part and denied in part.

**Background and Claims**

      Plaintiff Katelynn Hubbell utilized the services of Southdale Anesthesiologists and received a bill for $334.15. Plaintiff failed to a make a timely payment. As a result, her debt was sent to Defendant for collection. Defendant is a licensed collection agency in the State of Minnesota.

On January 10, 2013, Defendant sent Plaintiff an initial collection letter, requesting "PAYMENT IN FULL." [Docket No. 12].  The letter advised Plaintiff that her failure to pay could result in legal action being commenced against her. Despite this warning, Plaintiff did not send payment in full to Defendant.

On February 14, 2013, Defendant sent Plaintiff a second collection letter.  The letter stated in pertinent part: "WE REGRET THAT THE ACTION NOW BEING TAKEN BECAME NECESSARY. WE HAD HOPED THAT WE MIGHT WORK THIS OUT ON A VOLUNTARY BASIS. APPARENTLY, THIS IS NOT POSSIBLE."  [Docket No. 12].

Concerned that some action had been commenced against her, Plaintiff called Defendant's office on February 28, 2013 to inquire about the second letter.  Plaintiff spoke with a collector named Amir, who informed her that, in fact, no "additional action nor any legal action was being taken."  [Docket No. 1].

In response to this phone conversation, Plaintiff filed this federal lawsuit against Defendant on May 15, 2013.  Plaintiff contends in her complaint that Defendant's second letter, dated February 14, 2013, violated the Fair Debt Collection Practices Act (FDCPA) because it was threatening, misleading, contained false and deceptive language, and caused her to erroneously believe that additional action was being taken against her.  She relies on 15 U.S.C. §§ 1692(e), 1692(e)(5), 1692(e)(10), and 1692(f) of the FDCPA.  Plaintiff's complaint includes a demand for actual damages, statutory damages, costs and reasonable attorney's fees.

On June 14, 2013, Defendant made an offer for judgment in the amount of $1,001, pursuant to Fed. R. Civ. P. 68.  Plaintiff rejected the offer.  Defendant did not file an answer, but

nonetheless now moves to dismiss Plaintiff's complaint on the pleadings, pursuant to Fed. R. Civ. P. 12(c).[1]

**Standard of Review**

Defendant seeks dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(c), motion for judgment on the pleadings. A Rule 12(c) motion is only appropriate "after the pleadings are closed." When a defendant brings a motion to dismiss prior to the close of the pleadings, the motion is properly made pursuant to Fed. R. Civ. P. 12(b)(6). Here, the pleadings are not closed because Defendant has not yet served an answer to Plaintiff's complaint.

Ordinarily, a procedural error of this nature might result in the denial of a defendant's motion. However, because the legal standard for both motions is the same, and the distinction between the two is "purely formal," the Court will treat Defendant's 12(c) motion as if it had been properly styled as a Rule 12(b)(6) motion. *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D. Minn. 2008) (citing *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)). The Court will decide the motion on the merits.

A Rule 12(b)(6) motion tests the legal adequacy of a plaintiff's complaint. In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] In its motion, Defendant argued that the court lacked jurisdiction to hear this case because its Rule 68 offer provided Plaintiff with the maximum relief she could receive were she to prevail on the merits, rendering the controversy moot. However, at hearing, Defendant acknowledged that because Plaintiff sought actual damages in addition to statutory damages, its Rule 68 offer was not one for maximum relief and therefore did not render the controversy moot. Accordingly, Defendant advised the Court and opposing counsel that it would no longer be pursuing this jurisdictional argument, and the Court will not consider it here.

547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663, 129 S. Ct. at 1940. Here, the court need only decide whether the debt-collection letters attached to the complaint plausibly support Plaintiff's claim for relief under 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA.

**Discussion**

**Section 1692e, 1692e(5), and 1692e(10) Claims**

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. To this end, 15 U.S.C. § 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of debt." This includes "threat[s] to take any action that cannot be legally taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), or the use of "any false representation or deceptive means," 15 U.S.C. § 1692e(10).

A court must analyze prospective violations of the FDCPA through the lens of an unsophisticated consumer. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence." *Id.* (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). At the same time, "[t]he standard contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 318.

"Language in a debt-collection letter cannot be viewed in isolation; the letter must be viewed 'as a whole' to determine whether it runs afoul of the FDCPA." *Adams v. J.C.*

4

*Christensen & Associates, Inc.*, 777 F. Supp. 2d 1193, 1196 (D. Minn. 2011) (citing *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 566 (D. Minn. 2003)).  A letter does not violate §§ 1692e, 1692e(5) and 1692e(10) if it merely relays the possibility that some future legal action might be taken if payment is not made.  *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (holding that a letter that "convey[ed] the consequences" of inaction was not misleading); *Adams*, 777 F. Supp. 2d at 1196 (D. Minn. 2011) (holding that a letter that stated that the consumer's account might "be forwarded to an Attorney" was not misleading and did not falsely threaten legal action).  Instead, to constitute a violation, a letter must actually contain false, deceptive, or misleading language, *see Jones*, 215 F.R.D. at 566 (holding that a valid debt-collection letter is one that is "clear and not misleading or confusing"), or it must falsely threaten legal action, s*ee Adams*, 777 F. Supp. 2d at 1197 (citing *Jenkins v. Union Corp.,* 999 F. Supp. 1120, 1136 (N.D.Ill.1998) ("For a collection letter to threaten legal action . . . , it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made.")).

   Applying these standards to the facts alleged in the complaint, the Court concludes that Plaintiff has stated a plausible claim for relief under 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA.  An unsophisticated consumer viewing Defendant's February 14, 2013 letter could feel threatened by its tone and all-capital-letter format.  The letter did not merely suggest that legal action *could* be commenced against Plaintiff.  To the contrary, it erroneously stated that some legal action had *already* been commenced against her.  The fact that the letter did not explicitly use the word 'legal' does not defeat Plaintiff's claim.  Read together with the January 10, 2013 letter and viewed from the perspective of an unsophisticated consumer, the language clearly implied that "THE ACTION NOW BEING TAKEN" was legal in nature.

By threatening legal action that it had not actually taken and purportedly did not intend to take, Defendant's February 14, 2013 letter was misleading, deceptive, and utilized false representation, all violations of the FDCPA. This interpretation is not peculiar. Accordingly, Plaintiff's complaint surpasses the threshold for sufficiency under Rule 12(b)(6) with regard to 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

**Section 1692f Claim**

15 U.S.C. § 1692f provides that a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f has been treated as a catch-all for conduct not covered elsewhere within the FDCPA. *See Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). A claim under this section fails as a matter of law if it "not premised on conduct independent from that pled to support . . . other FDCPA claims." *Id.* at 953-54.

Because Plaintiff has not identified any conduct independent from that pled to support her claims under §§ 1692e, 1692e(5), and 1692e(10), she has failed to state a plausible claim for relief under § 1692f. Consequently, the Court concludes that this portion of Defendant's motion should be granted.

**RECOMMENDATION**

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, **IT IS HEREBY RECOMMENDED THAT**:

Defendant AAA's Motion for Judgment on the Pleadings [Docket No. 4], restyled as a Motion to Dismiss for Failure to State a Claim, be **GRANTED IN PART AND DENIED IN PART**, as set forth below.

1. Plaintiff's claim under 15 U.S.C. § 1692f be **DISMISSED WITHOUT PREJUDICE**.

2. Defendant's motion as to the remainder of Plaintiff's claims be **DENIED**.

Dated: October 7, 2013

                                               _s/Arthur J. Boylan_____
                                               Arthur J. Boylan
                                               United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the grounds for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Objections must be filed with the Court before October 22, 2013.